DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **FLECTAT LTD.** on its own behalf as lead underwriter subscribing to policy no. GDCPS25, | ) ) ) ) | |
| Plaintiff, | ) | Civil No. 16-38 |
| | ) | |
| v. | ) | |
| | ) | |
| **METRO MOTORS S.C., INC.**, | ) | |
| | ) | |
| Defendant. | ) ) | |

**ATTORNEYS:**

**Neal R. Novak**
Novak Law Offices
Chicago, IL.
    *For Flectat Ltd.,*

**Ravinder Nagi**
**Mark Alan Kragel**
Bolt Nagi, PC.
St. Thomas, VI
    *For Metro Motors S.C., Inc.*

### ORDER

**GÓMEZ, J.**

Before the Court is the motion of Flectat Ltd. which seeks: (1) enforcement of the settlement agreement; and (2) an award of attorney's fees and costs for filing the enforcement motion.

### I. FACTUAL AND PROCEDURAL HISTORY

On an unspecified date, Universal Auto Dealer & Rental, Inc. d/b/a Tony's Wrecking ("Tony's Wrecking") purchased a Chevrolet Cavalier (the "Cavalier") from Metro Motors S.C., Inc.

("Metro Motors"). On or about September 21, 2014--after the purchase of the Cavalier--the Cavalier's vehicle registration listed Metro Motors as the vehicle's owner. Metro Motors has an insurance policy with Flectat Ltd. ("Flectat").

On or about September 21, 2014, Wallace Legro ("Legro") was driving the Cavalier. Logan had rented the Cavalier from Tony's Wrecking. The Cavalier collided with another vehicle driven by Juan Ascencio ("Ascencio"). Anna Serrano ("Serrano") was a passenger in Ascencio's vehicle. Ascencio and Serrano were injured in the accident.

Ascencio and Serrano sued Legro in the Superior Court (the "state personal injury action") for damages they suffered. In a stipulation, Legro conceded that he was liable for Ascencio and Serrano's injuries. The parties also agreed that the amount of damages was $216,000: $108,000 for Ascencio and $108,000 for Serrano. Thereafter, the Superior Court entered judgment in the amount of $216,000 against Legro.

Ascencio and Serrano agreed not to execute against Legro personally on the judgment. In return, Legro assigned to Ascencio and Serrano any claims he may have against Guardian insurance, Metro Motors, and Universal Auto Dealer & Rental related to the state personal injury action.

Ascencio and Serrano then filed a declaratory judgment action in the Superior Court against Tony's Wrecking and Metro Motors V.I., Inc (the "state declaratory judgment action"). In the state declaratory judgment action, Ascencio and Serrano seek a declaration that both Tony's Wrecking and Metro Motors are liable for the full amount of the judgment against Legro in the state personal injury action.

On May 18, 2016, Flectat filed the instant declaratory judgment action (the "federal action") against Metro Motors S.C., Inc. under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. In the federal action, Flectat seeks a declaratory judgment stating that it is "not obligated to pay the Judgment entered against Legro in the [state personal injury action]. . . ." ECF No. 1, at 7.

On June 2, 2017, Flectat, Metro, Ascencio, and Serrano attended a mediation and agreed to a settlement of all of Ascencio and Serrano's claims against Flectat and Metro. They then negotiated a release. Beginning on June 9, 2017, counsel for Metro represented that he was getting signatures on the Settlement and Release from his client.

On July 11, 2017, Flectat filed a motion to enforce the settlement agreement. In that motion, Flectat asks the Court to "enter an order enforcing the Settlement Agreement, directing

Metro Motors to execute it promptly and awarding fees and costs to Flectat . . . ." ECF No. 35, at 3.

On July 12, 2017, Metro Motors signed and returned the release.

## II. <u>DISCUSSION</u>

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir.1970); *see also Beazer East, Inc. v. Mead Corp.,* 412 F.3d 429, 436 (3d Cir.2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. ex rel. M.R. v. East Brunswick Bd. of Educ.,* 109 F.3d 896, 901 (3d Cir.1997).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus,* 94 Fed. App'x 941, 943 (3d Cir.2004); *N.Y. State Elec. & Gas Corp. v. Fed. Energy Regulatory Comm'n,* 875 F.2d 43, 45 (3d Cir.1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay,* 139 F.Supp.2d 679, 685 (D.Vi.2001). The essential prerequisites for the creation of a valid contract is "a bargain

in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer,* 232 F.Supp.2d 462, 469 (D.V.I. App.Div. 2002); Restatement (Second) of Contracts § 17 (1979). Consideration requires a performance or a return promise that has been bargained for. *Id.* Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick,* 25 V.I. 124, 127 (Terr.Ct.1990).

### III.   ANALYSIS

Because Metro Motors has signed and returned the release, the only matter before the Court is whether Flectat is entitled to the fees and costs associated with filing the motion to enforce the settlement agreement.[1] The request for other relief is moot.

Flectat seeks fees and costs due to Metro Motor's delay in signing the release. Flectat asserts that it is entitled to that relief pursuant to 28 U.S.C. § 1927 ("Section 1927"). Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of

---

[1] Flectat recognizes as much in its reply brief and expressly maintains that it now only requests costs and fees. ECF No. 37, at 3.

such conduct. 28 U.S.C. § 1927. An attorney multiplies the proceedings when the attorney creates new issues for the Court and opposing counsel to address. *In re Prosser*, 777 F.3d 154, 162 (3d Cir. 2015) ("First, the Prosser Counsel multiplied the proceedings. The Adversary Complaint, request for referral to the United States Attorney, Fee Objections, and Conflicts Motion created new issues for Carroll and the Bankruptcy Court to address."). An attorney's actions are only unreasonable and vexatious if the attorney acted in willful bad faith. *See Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989).

Here, Flectat contends that the proceedings were multiplied because it was necessary for it to file the instant motion to enforce the settlement agreement. It contends that such action was necessary because Metro Motors delayed signing a document titled "Settlement Agreement and Release." Flectat further asserts that that conduct was unreasonable and vexatious because "Flectat and Metro Motors resolved their differences in the instant coverage dispute and agreed to dismiss the proceedings upon receipt from the parties of an executed Settlement Agreement and Mutual Release." ECF No. 35, at 1-2.

In support of its motion, Flectat has adduced the Settlement Agreement and Mutual Release. ECF No. 35-1. That

document is not signed by Metro Motors. *Id.* at 8. Significantly, Flectat did not adduce any evidence supporting its assertion that Metro Motors had a contractual obligation to sign that document.

Metro Motors, in its opposition, attached a document titled "Mediation Agreement" dated June 1, 2017. ECF No. 36-1. That document provides, in pertinent part, that "*[t]he Plaintiff's* [sic] shall execute a full release of all claims, and stipulation for dismissal with prejudice as to appropriate parties and cases." *Id.* at ¶¶ 1-2 (emphasis added and footnote removed). The Mediation Agreement provides signature lines for four entities: "Metro Motors VI, Inc."; "Flectat, Ltd."; "Juan Ascencio"; and "Anna Serrano." *Id.* at 3. While Metro Motors VI, Inc., Ascencio, and Serrano signed the agreement, Flectat's signature line is blank. *See id.* Moreover, the agreement lists "Metro Motors VI, Inc." as a defendant, not as a plaintiff.[2] *See id.* at ¶ 1 ("The Defendants, Metro Motors, VI, Inc. and Flectat Ltd. hereby agree to pay the plaintiffs the sum of $75000 in full settlement of all claims against these two (2) defendants only.").

---

[2] The Court also notes that the defendant in this action is Metro Motors, S.C., Inc. not Metro Motors VI, Inc.

As such, there is no evidence before the Court showing that Metro Motors had a contractual duty to sign the Settlement Agreement and Release. Because Flectat has not shown that Metro Motors had a duty to sign that agreement, Flectat has not established that Metro Motors acted in bad faith when it delayed signing that agreement until July 12, 2017.

Accordingly, the Court will deny Flectat's request for attorney's fees and costs.[3]

The premises considered; it is hereby

**ORDERED** that the motion to enforce the settlement agreement is **DENIED in part** and **MOOT in part.**

S\_____
**Curtis V. Gómez**
**District Judge**

---

[3] Flectat also asserts that attorney's fees and costs should be charged to Metro Motors and counsel collectively because it is unclear whether the delay was due to Metro Motor's actions or the actions of counsel. Flectat does not cite any authority for that proposition. The Court is unaware of any authority that would permit such an award under these circumstances.